UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| BRIAN EDWARD MOUTON, | ) | No. CV 14-08054-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the Decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

1    considered if Plaintiff meets or equals Listing 12.05C; and

2    2.    Whether the ALJ properly developed the record.

3    (AR 2.)

5    This Memorandum Opinion will constitute the Court's findings of

6    fact and conclusions of law.   After reviewing the matter, the Court

7    concludes that the decision of the Commissioner must be affirmed.

9    **I**

10   **THE ALJ PROPERLY CONSIDERED THAT PLAINTIFF DOES NOT MEET**

11   **OR EQUAL LISTING 12.05C**

12   The ALJ determined that Plaintiff has severe impairments of

13   schizophrenia, borderline intellectual functioning ("BIF") and history

14   of substance abuse. (AR 12.) At Step Three, however, the ALJ

15   determined that Plaintiff does not have an impairment or combination

16   of impairments that meets or medically equals the severity of any of

17   the listed impairments in 20 C.F.R. 404, subpart P, appendix 1 (20

18   C.F.R. §§ 404.1520(d), 404.1525, 404.1523, 416.920(d), 416.925 and

19   416.926). With regard to the ¶ C criteria of Listing 12.05, the ALJ

20   noted the argument of Plaintiff's representative that Plaintiff had

21   received a Wechsler Adult Intelligence Scale-IV ("WAIS-IV") full scale

22   IQ Score of 69 in 2006. The ALJ rejected the validity of the score,

23   finding there was insufficient evidence to sustain it. The ALJ also

24   determined that Plaintiff's overall medical condition does not

25   preclude Plaintiff from working. (AR 15.)

26   Plaintiff almost exclusively relies here on the IQ testing when

27   he was then 20 years old and within his developmental period, which

28   indicated a full scale IQ of 69. (Citing AR 66.) But Plaintiff also

cites testing results of October 13, 2011 and December 23, 2011 by Dr. Vosburgh, who diagnosed Plaintiff with borderline IQ functioning. (AR 184, 187.) Plaintiff does not dispute the Commissioner's notation that a borderline IQ is an IQ in the 71-84 range. See JS at 7, fn 7.[1]

In contrast to Plaintiff's sole reliance on a one-time consultative examiner's ("CE") IQ evaluation, the Commissioner points to multiple diagnoses of borderline IQ and below average IQ with no diagnoses of mental retardation or intellectual disability. (AR 177, 182, 184, 187.)

The ALJ also relied upon other medical evidence that Plaintiff cares for his own personal needs (activities of daily living, or "ADL"), that he spends time with his children and engages in a cooperative fashion with authority figures. (AR 15.) Further, the same CE who determined Plaintiff's IQ to be 69 also found that Plaintiff could follow one and two part directions without repetition, and for that reason, did not conclude that Plaintiff was disabled. (AR 66.) The same examination indicated that Plaintiff had appropriate appearance and dress, was oriented to time, place, person, and purpose, and that his speech was clear and well-modulated. (Id.) This examiner determined that Plaintiff's thoughts were organized and productive and that he had no psychomotor retardation, and finally, that he comprehended all aspects of the evaluation, and provided verbal responses in a timely manner. (Id.)

The ALJ also compared the IQ evidence which Plaintiff now cites

---

[1]   The additional requirement of Listing 12.05C, that Plaintiff must have a physical or other mental impairment imposing an additional and significant work-related limitation of function, is not at issue here, since both the IQ score and that latter requirement must both be met in order to meet or equal the Listing.

to other objective medical evidence in the record. (AR 12-17.) This included reports from the California Department of Corrections & Rehabilitation ("CDCR"), which found Plaintiff to be cooperative and polite in a mental health evaluation. (AR 14, 66, 178, 181.) After Plaintiff was paroled on March 19, 2012, Plaintiff visited Dr. Blakely, who found Plaintiff to be alert, with intact thought processes. (AR 13-14, 490.) His answers to questions were appropriate, as was his behavior, and Plaintiff indicated that his medication helped, although he was not currently taking medication. (<u>Id</u>.) Plaintiff soon violated his parole, and while in jail for a parole violation, he was prescribed medication which he indicated worked although he was no longer taking it. (AR 13, 192.) On November 6, 2012, Plaintiff indicated to Dr. Blakely that he felt "OK with meds." (AR 13, 220.) He had no suicidal or homicidal ideations. (<u>Id</u>.) Dr. Blakely concluded that Plaintiff appeared "reasonably stable on this regimen" and recommended that he return for treatment in two months. (AR 220.)

Limitations in functioning are found in the record when Plaintiff failed to take his medication, and he had a significant history of medication noncompliance and failure to attend doctors' appointments. (AR 66-67.)

As the Commissioner notes, there is no finding by a doctor which concludes or even suggests that Plaintiff's mental impairments met or equaled a Listed impairment. The State Agency doctor reviewed all the evidence of record and concluded that, considering the requirements of Listing 12.05, Plaintiff was still capable of working. (AR 62-73.)

All in all, Plaintiff fails to meet his burden that he met or equaled Listing 12.05C, and the Court consequently finds no error.

Plaintiff's second issue is related to his first, and here, he argues that the ALJ did not properly develop the record with regard to the one-time psychological test of Plaintiff in 2006 which indicated a full-scale IQ of 69. Plaintiff argues again that the ALJ should have credited this IQ test, but Plaintiff's counsel also cites the conclusions of his treating psychiatrist, Dr. Nguyen, who twice diagnosed Plaintiff with borderline IQ functioning, on October 13, 2011 and December 23, 2011. (AR 176, 186.)

With regard to Plaintiff's argument concerning the relevance of Global Assessment of Functioning ("GAF") testing, such results do not correlate to the severity requirements of the Social Security Mental Disorder Listings. (See citation at JS 16.) In any event, the findings and conclusions of one of Plaintiff's treating psychiatrists, Dr. Blakely, leads the Court to conclude that the ALJ did not have an obligation to further develop the record with regard to the IQ testing. Essentially, there is a more than a sufficient quantum of contradictory evidence in this record for the ALJ to have reasonably concluded that the IQ test from 2006 did not have sufficient validity to be considered on the issue of whether Plaintiff met or equaled Listing 12.05C.

For these reasons, the Court concludes that the ALJ did not have duty to develop the record, and therefore, the Decision of the Commissioner will be affirmed and the matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: June 2, 2015                              /s/
                                         VICTOR B. KENTON
                                         UNITED STATES MAGISTRATE JUDGE